**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| DARYAL TAYLOR, | |
| Plaintiff, | No. 2:13-cv-2199-APG-VCF |
| vs. | **ORDER** |
| ROBERT BECKETT, *et al.*, | |
| Defendants. | |

This matter involves Plaintiff Daryal Taylor's civil rights action arising under 42 U.S.C. § 1983 against Defendant Robert Beckett, *et al.* (*See* Compl. (#1) at 2). Before the court is Taylor's *ex parte* application for an order extending time to serve (1) C.O.P.S., (2) Ltnt. Ed Howard, and (3) Officer Mary Huggins. (#24). For the following reasons Taylor's motion is granted.

**DISCUSSION**

Taylor's motion presents one question: whether the court should afford the Plaintiff additional time to serve the above mentioned parties in this action. However, prior to discussing Taylor's argument the court will briefly discuss the local rule governing *ex parte* motions.

*A. Ex Parte Motions Under Local Rule 7-5(a)*

As defined by Local Rule 7-5(a), an *ex parte* motion is a motion "filed with the Court, [that] is not served upon the opposing or other parties." *See* LR 7-5(a). The purpose of an *ex parte* motion is, therefore, to allow a party to communicate with the court privately. For this reason, *ex parte* motions must "contain a statement showing good cause why the matter was submitted to the Court without notice to all parties." LR 7-5(b). An *ex parte* motion should be made when a movant does not want a party or their opposing counsel to be served, not because the movant cannot serve the party. By filing the motion

on an *ex parte* basis, Defendants will never be served with this document. *See* Black's Law Dictionary (9th ed. 2009), *ex parte* motion ("[A] motion that a court considers and rules on without hearing from all sides").

The Plaintiff's *ex parte* motion in this matter was inappropriate. Whether service of process is appropriately executed is a matter that affects a Defendant's due process rights under the Constitution. *See Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013) (citing *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982)) (stating that personal jurisdiction over a Defendant is conferred by compliance with Rule 4).  A Defendant must be afforded an opportunity to challenge service if they believe that service was not executed in accordance with the Constitution's "traditional notions of fair play and substantial justice." *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The court finds no sufficient basis for the motion to be submitted without notice to the parties, and, in fact, the Plaintiff admits that Defendant's counsel has stipulated to the extension of service for his clients C.O.P.S., officer Huggins, and officer Howard.

***B. Plaintiff Has Made a Showing of Good Cause to Extend Time for Service of Process***

Pursuant to Federal Rule of Civil Procedure 4(m), a Plaintiff has 120 days after a complaint is filed to serve a Defendant. However, if a Plaintiff makes a showing of good cause "for the failure, the court must extend time for service for an appropriate period." Fed. R. Civ. P. 4. Furthermore, "even if plaintiffs cannot show good cause for failure to effect service of the 120 days of filing complaint, court may, within its  discretion, extend service rather than dismiss the action without prejudice." *Tyson v. City of Sunnyvale*, 159 F.R.D. 528 (N.D. Cal. 1995).

The court finds that the Plaintiff has made a sufficient showing of good cause for the Plaintiff's failure to serve the Defendants. The relocation of the Defendants outside of the state of California warrants additional time to locate and serve the Defendants. The Plaintiff attempted to properly serve the Defendants via licensed process server, however, upon realization that the Defendant's Huggins and

Howard had relocated outside of the state of California the Plaintiff filed this motion to extend time. Similarly, the Plaintiff attempted to serve C.O.P.S. at the Defendant's address on file at the Secretary of State. However, because the address on file is incorrect, the Plaintiff was unable to properly serve the Defendant. The Defendant's failure to update their address with the Secretary of State warrants an extension of time to allow the Plaintiff to locate and serve the Defendant.

ACCORDINGLY, and for good cause show,

IT IS ORDERED that Taylor's Motion to Extend Service (#24) is GRANTED.

IT IS FURTHER ORDERED that the Plaintiff be given 90 days from the date of this order to serve the Defendants.

IT IS FURTHER ORDERED that the Clerk remove the *ex parte* designation from Taylor's Motion to Extend Service (#24).

IT IS SO ORDERED

DATED this 27th day of March, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE