UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DARYAL TAYLOR,<br><br>             Plaintiff,<br><br>       v.<br><br>ROBERT BECKET, *et al.*,<br><br>             Defendants. | Case No. 2:13-cv-02199-APG-VCF<br><br>**ORDER (1) GRANTING LEAVE TO FILE EXCESS PAGES; (2) GRANTING THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; AND (3) DENYING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>(ECF Nos. 75, 76, 79) |

This civil rights case arises out of the criminal prosecution of plaintiff Daryal Taylor, a former Nye County Deputy Sheriff, for allegedly sexually assaulting a female inmate he was transporting. Taylor sued Nye County, former Nye County Sheriff Anthony Demeo, and other members of the Nye County Sheriff's Office involved in the investigation of Taylor's alleged misconduct. The defendants move for summary judgment on each of Taylor's claims on various grounds. Taylor opposes and moves for summary judgment.

I grant the defendants' motion and deny Taylor's motion because many of Taylor's claims are time-barred. Taylor's timely malicious prosecution claim fails on multiple grounds. As to the timely portions of Taylor's other claims, no genuine issue of material fact exists regarding fabricated evidence or testimony.

**I. BACKGROUND**

At the time of the events at issue, Taylor was a Nye County Deputy Sheriff. ECF Nos. 76-24 at 4; 78-1 at 11. On March 25, 2008, Taylor transported Shannon Knight, an inmate at the Nye County Detention Center, from a medical facility to the detention center. ECF No. 76-1 at 3. Within minutes of arriving at the detention center, Knight accused Taylor of sexually assaulting her during the transport. *Id.* at 3-5.

1   Defendant Mary Huggins, an internal affairs investigator with the Nye County Sheriff's
2   Office, interviewed Knight that same evening. ECF No. 76-2 at 12; ECF No. 76-6.  Knight stated
3   that Taylor took a different route back to the detention center than the one he used when he took
4   her there and that he stopped in front of a cemetery just after passing Irene's Casino. ECF No. 76-
5   1 at 4.  She stated that during the drive, Taylor told her to pull down her pants and then he
6   inserted his fingers in her vagina. ECF No. 76-6 at 26-28.  Knight took a Computer Voice Stress
7   Analysis Test, which did not indicate deceit on Knight's part. ECF Nos. 76-5 at 2; 76-8 at 3.
8   Other inmates who Taylor had transported told investigators that Taylor took a route to
9   and from the detention center different than the one described by Knight. ECF Nos. 76-1 at 8; 76-
10  3 at 18-22.  No other inmate reported inappropriate sexual conduct by Taylor.
11  In response to Knight's allegations, defendant detective David Boruchowitz interviewed
12  Taylor that same evening via telephone. ECF Nos. 76-1 at 6; 78-10.  During the interview, Taylor
13  asked if he needed to come into the Sheriff's Office, and Boruchowitz requested he do so. ECF
14  No. 76-1 at 6.  Boruchowitz then interviewed Taylor in person at the Sheriff's Office. ECF Nos.
15  78-3 at 7; 78-13.  Taylor stated that Knight made inappropriate sexual comments, including that
16  she had not had sex in thirteen days. ECF No. 78-13 at 3.  Taylor admitted he took a different
17  route back to the detention center but denied he stopped or that he inappropriately touched
18  Knight. *Id.* at 5-6, 16.
19  Boruchowitz obtained surveillance video from Irene's Casino. ECF No. 76-1 at 8.  The
20  video showed a patrol car pass by the casino at approximately the time Knight indicated it would
21  be there and it appeared to slow down just as it was moving out of camera range. *Id.* at 8; *see also*
22  ECF Nos. 78-9 at 3; 78-10 at 1; 77 (manually filed exhibits, Irene's Casino surveillance video).
23  Boruchowitz drove Knight on the route she said Taylor had taken, and she indicated that Taylor
24  had pulled over in front of the cemetery near Irene's in a location that was consistent with the
25  video showing the patrol car slowing down as it moved out of camera range. ECF Nos. 76-1 at 8;
26  78-16.
27
28

       Boruchowitz learned that the night of the alleged assault Knight called her fiancé's boss, Pam. ECF No. 76-1 at 9. Boruchowitz talked to Pam, who told him she thought Knight was lacking in integrity and was dishonest but could provide no specific examples. ECF No. 76-19 at 3, 5-6. Despite commenting on Knight's dishonesty, Pam stated that Knight seemed to be "legitimately upset" the night of the alleged assault. *Id.* at 6.

       Boruchowitz conducted another interview of Taylor in the early morning hours of March 26. ECF No. 76-13. Boruchowitz told Taylor that he had looked at the video and Taylor had pulled off the road near the cemetery. *Id.* at 3. Taylor responded that he did not remember pulling over and if he had, it would have been for just a second or two. *Id.* Boruchowitz asked why Taylor took that route and Taylor responded that he just decided to go that way and it was the same distance and time as the route he had taken on the way to the medical center. *Id.* In an interview with Huggins a few weeks later, Taylor admitted to pulling over, stating he did so to use hand sanitizer. ECF Nos. 76-2 at 25; 86-5 at 3-4.

       On March 26, 2008, Boruchowitz arrested Taylor for sexual assault, kidnapping, and oppression under color of office. ECF Nos. 76-1 at 8; 76-2 at 23; 76-14. Following Taylor's arrest, other inmates told investigators that Knight bragged about getting Taylor arrested after seeing the arrest reported on the news. ECF No. 76-3 at 15-16, 23.

       As part of the investigation, swabs were taken from Taylor's patrol vehicle. ECF No. 76-1 at 11. A buccal swab was taken from Knight. *Id.* at 12. DNA testing on various items from the car were inconclusive. ECF No. 76-18 at 2. Searches of Taylor's home and personal vehicle uncovered items of evidence in other, unrelated cases that Taylor had not properly booked into evidence, including firearms. ECF No. 76-1 at 9, 13-14.

       Taylor was placed on administrative leave without pay. ECF No. 76-15. As a result of the policy violations related to Taylor's failure to properly book evidence, defendant Sheriff Anthony Demeo took action to terminate Taylor's employment in May 2008. ECF No. 76-27. Following a pre-termination hearing, Taylor resigned in June 2008. ECF Nos. 76-31; 78-2 at 3-4.

The Nye County District Attorney's office charged Taylor with sexual assault, kidnapping, and voluntary sexual conduct between a prisoner and another person. ECF Nos. 76-2 at 23; 76-20 at 2; 76-21. A preliminary hearing was held in September 2008 and the court bound Taylor over for trial. ECF Nos. 76-20 at 4; 76-33; 76-34. The trial took place November 29 and 30, 2011, and Taylor was acquitted. ECF Nos. 28 at 7; 76 at 41; 79-1 at 92; 86-3 at 14. During the trial, Boruchowitz had difficulty getting the video to play for the jury but ultimately it was shown to the jury. ECF Nos. 78-1 at 6; 78-4 at 3; 77 (video of trial from November 30, 2011).

On November 27, 2013, Taylor filed suit in this court. ECF No. 1. In his second amended complaint, he asserts claims against Nye County, the Nye County Sheriff's Office, Sheriff Anthony Demeo, Assistant Sheriff Rick Marshall, Detective Boruchowitz, Investigator Mary Huggins, Sergeant Travis Huggins, Officer McNeil, Lieutenant Edwin Howard, prosecutor Kirk Vitto, District Attorney Robert Beckett, and the Nye County District Attorney's Office.[1] ECF No. 28. He brings claims under 42 U.S.C. § 1983 for (1) due process violations; (2) malicious prosecution; and (3) equal protection violations. *Id.* Taylor also asserts state law claims for false arrest; intentional infliction of emotional distress; civil conspiracy; negligent hiring, retention, and supervision; wrongful termination/unjust enrichment; and defamation. *Id.*

The parties stipulated to dismiss the Nye County Sheriff's Office, the District Attorney's Office, Travis Huggins, Rick Marshall, Officer McNeil, Robert Beckett, and Kirk Vitto. ECF Nos. 41, 54, 68, 70, 72. Defendants Nye County, Demeo, Mary Huggins, and Howard move for summary judgment. Defendant Boruchowitz filed a joinder. ECF No. 78.

**II. ANALYSIS**

Summary judgment is appropriate if the pleadings, discovery responses, and affidavits demonstrate "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

---

[1] Taylor also sued the California Organization of Police and Sheriff Associations Incorporated and COPS Legal, LLC. ECF No. 28. I dismissed these parties for failure to timely serve them. ECF No. 55.

(1986).  An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000).  I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

**A. Statute of Limitations**

The defendants argue that all of Taylor's claims except his malicious prosecution claim are time-barred.  Taylor responds that all of his claims are timely because he was acquitted in November 2011 and his complaint was filed within two years of that date.

*1. Section 1983 Claims*

Most of Taylor's § 1983 claims are timely.  His malicious prosecution claim is timely because it did not accrue until he was acquitted on November 30, 2011. *Heck v. Humphrey*, 512 U.S. 477, 489 (1994); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 382 (9th Cir. 1998). Taylor brought this lawsuit less than two years later.  He therefore sued within the applicable two-year limitations period. *See Rosales-Martinez v. Palmer*, 753 F.3d 890, 895 (9th Cir. 2014) (explaining that Nevada's two-year limitations period for personal injury claims applies to federal claims under § 1983).

Taylor's § 1983 due process claim rests on the theory that the defendants violated his due process rights by subjecting him to criminal charges based on deliberately fabricated evidence. *See Bradford v. Scherschligt*, 803 F.3d 382, 386 (9th Cir. 2015).  This claim accrues upon acquittal as well. *See id.* at 388.  Consequently, this claim is not time-barred.

Finally, one aspect of Taylor's equal protection claim is timely but the others are not. "Although state law determines the length of the limitations period" for § 1983 claims, "federal

1  law determines when a civil rights claim accrues." *Morales v. City of Los Angeles*, 214 F.3d 1151,
2  1153-54 (9th Cir. 2000).  A claim accrues under federal law "when the plaintiff knows or has
3  reason to know of the injury which is the basis of the action." *Id.* (quotation omitted).

4        Taylor's equal protection claim is based on allegations that Boruchowitz and Huggins
5  conducted an inadequate investigation, fabricated evidence, failed to ensure a physical exam was
6  conducted on Knight, and Boruchowitz falsely testified at trial that the video showed Taylor's car
7  slowing down. ECF No. 28 at 32.  Taylor's equal protection claim based on Boruchowitz's
8  allegedly false trial testimony is timely because this injury accrued in 2011 when Boruchowitz
9  testified. *Rosales-Martinez*, 753 F.3d at 895.  However, the remainder of Taylor's § 1983 equal
10 protection claim is time-barred.  Taylor knew of the other injuries forming the basis of his equal
11 protection claim no later than 2009. ECF Nos. 78-11 (2008 preliminary hearing); 76-37 (June
12 2009 motion to dismiss by Taylor in his criminal proceedings arguing that the failure to conduct a
13 physical exam on Knight warranted dismissal due to failure to preserve evidence).

14       Taylor cites no authority in support of his position that because his malicious prosecution
15 claim is timely, all of his claims are timely.  The law is to the contrary.  The statute of limitations
16 under § 1983 begins to run "when the plaintiff has a complete and present cause of action,"
17 meaning "the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007)
18 (quotations omitted).  Taylor had a complete cause of action for alleged equal protection
19 violations based on acts or omissions that occurred in 2008 once he learned about those acts or
20 omissions.  The fact that consequences of those actions continued until Taylor was acquitted in
21 2011 does not extend the limitations period. *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045,
22 1058 (9th Cir. 2002) (The defendant's "decision to institute formal abatement hearings . . . was
23 the 'operative decision' for the purposes of triggering the § 1983 statute of limitations.  The actual
24 beginning of the abatement hearing on November 14 was simply the effect of that decision and
25 was not a separately unconstitutional act.").  Thus, the defendants are entitled to summary
26 judgment on Taylor's equal protection claim as time-barred to the extent it is based on alleged
27 unconstitutional conduct in 2008.
28

### 2. *State Law Claims*

Taylor asserts state law claims for false arrest; intentional infliction of emotional distress; civil conspiracy; negligent hiring, retention, and supervision; wrongful termination/unjust enrichment; and defamation. The limitations period for Taylor's false arrest claim is two years. Nev. Rev. Stat. § 11.190(4)(c). Taylor was arrested and had his preliminary hearing in 2008, therefore this claim is time-barred. Likewise, his wrongful termination/unjust enrichment claim is time-barred, as he resigned in June 2008 and as a result was prevented from vesting in a pension as of that date. *See id.* § 11.190(4)(e) (two year limitations period for personal injuries due to a wrongful act); *In re Amerco Derivative Litig.,* 252 P.3d 681, 703 (Nev. 2011) (en banc) (citing Nev. Rev. Stat. § 11.190(2)(c) for four-year limitations period for unjust enrichment claims).

The limitations period for Taylor's defamation claim is two years. Nev. Rev. Stat. § 11.190(4)(e). It is unclear from the second amended complaint what statement forms the basis of the defamation claim. But in his opposition, Taylor identifies the relevant statement as the 2008 declaration of arrest. ECF No. 87 at 20-21. Taylor does not identify any other defamatory statement or re-publication of this 2008 declaration. His defamation claim therefore is time-barred. Consequently, the defendants are entitled to summary judgment on Taylor's false arrest, wrongful termination/unjust enrichment, and defamation claims in their entirety as time-barred.

The limitations period for Taylor's claims for intentional infliction of emotional distress and negligent hiring, retention, and supervision is two years. *Id.* § 11.190(4)(e). It is unclear from the second amended complaint what actions form the basis of these claims. But to the extent the underlying alleged misconduct occurred in 2008, these claims are time-barred. To the extent these claims are based on Boruchowitz's conduct at trial or the theories underlying the malicious prosecution and due process claims, they are timely.

Finally, the limitations period for Taylor's civil conspiracy claim is four years. *Siragusa v. Brown*, 971 P.2d 801, 806 (Nev. 1998) ("Civil conspiracy is governed by the catch-all provision of NRS 11.220, which provides that an action 'must be commenced within 4 years after the cause

of action shall have accrued.'"). This limitations period "runs from the date of the injury rather than the date the conspiracy is discovered." *Id.* Consequently, like Taylor's other claims, to the extent this claim is based on actions from 2008, it is time-barred. To the extent the claim is based on Boruchowitz's conduct at trial or the theories underlying the malicious prosecution and due process claims, it is timely.

### B. Section 1983 Malicious Prosecution and Related Claims

To "prevail on a § 1983 claim of malicious prosecution, a plaintiff 'must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right.'" *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) (quoting *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995)). A plaintiff may bring a malicious prosecution claim against prosecutors and "other persons who have wrongfully caused the charges to be filed." *Id.* A judge's decision "to hold a defendant to answer after a preliminary hearing constitutes *prima facie*—but not conclusive—evidence of probable cause." *Id.* at 1067 (emphasis omitted). A plaintiff can rebut that *prima facie* evidence "by showing that the criminal prosecution was induced by fraud, corruption, perjury, fabricated evidence, or other wrongful conduct undertaken in bad faith." *Id.*

Similarly, "the decision to file a criminal complaint is presumed to result from an independent determination on the part of the prosecutor, and thus, precludes liability for those who participated in the investigation or filed a report that resulted in the initiation of proceedings." *Id.* But the plaintiff can assert a claim against an official "who improperly exerted pressure on the prosecutor, knowingly provided misinformation to him, concealed exculpatory evidence, or otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings." *Id.*

Taylor's malicious prosecution claim fails on numerous grounds. First, Taylor has presented no evidence raising an issue of fact that any of the remaining defendants prosecuted him for the purpose of denying him equal protection or some other specific constitutional right.

Second, there was probable cause. "Probable cause exists when the facts and circumstances within the officer's knowledge are sufficient to cause a reasonably prudent person to believe that a crime has been committed." *Lassiter v. City of Bremerton*, 556 F.3d 1049, 1053 (9th Cir. 2009). To establish probable cause, an officer "may not solely rely on the claim of a citizen witness that he was a victim of a crime, but must independently investigate the basis of the witness' knowledge or interview other witnesses." *Peng v. Mei Chin Penghu*, 335 F.3d 970, 978 (9th Cir. 2003) (quotation omitted). "A sufficient basis of knowledge is established if the victim provides facts sufficiently detailed to cause a reasonable person to believe a crime had been committed and the named suspect was the perpetrator." *Id.* (quotation omitted).

The defendants did not rely solely on Knight's account. They independently investigated the incident by interviewing Knight, Taylor, and another inmate who Taylor transported that day. ECF No. 76-1 at 4-8. They also obtained physical evidence, including the video from Irene's. *Id.* Knight gave detailed and consistent statements, parts of which were corroborated by the video from Irene's, portions of Taylor's statements, the interview with the other inmate who was not taken on the route Taylor took with Knight, and the presence of items in Taylor's patrol car. Knight also passed a voice stress analysis test showing no deception on her part. Taylor had no explanation for why he took a different route on the way back to the detention center and denied stopping. Knight certainly had credibility issues. But Taylor's dispute about who the officers ought to have believed and how they interpreted certain evidence does not raise an issue of fact that the defendants lacked probable cause to arrest him for various crimes. *See* Nev. Rev. Stat. §§ 200.366 (sexual assault), 200.310 (kidnapping), 212.187 (voluntary sexual conduct between prisoner and another person).

Moreover, a judge decided to hold Taylor over for trial after a preliminary hearing. Taylor has not presented evidence raising an issue of fact that the judge's decision was procured through fraud or fabricated evidence. Taylor contends Boruchowitz lied at the preliminary hearing by stating the video showed Taylor's car slowing down. The video is subject to interpretation but it appears to show the patrol car slowing down. ECF No. 77 (manually filed

exhibits, Irene's Casino surveillance video).  Both experts in this case, including Taylor's own expert, concluded the video shows the patrol car decelerating. ECF Nos. 76-41, 76-42.  Taylor's dispute with Boruchowitz's characterization of the video does not raise an issue of fact that Boruchowitz deliberately fabricated or falsified evidence.  Taylor also contends the defendants failed to preserve vital evidence because they did not ensure a rape kit or physical exam was conducted on Knight.  This issue was raised before the judge at the preliminary hearing. *Id.* at 107-12.  Consequently, the judge could not have been misled by any intentional omission on the defendants' part in relation to a lack of a physical exam.

Finally, there is no evidence that the decision to prosecute was anything but an independent decision of the prosecutors.  Even if Boruchowitz lied about what was on the video, the prosecutors could view the video for themselves.  Additionally, the prosecutors would have been aware that no physical exam was conducted.  Accordingly, the defendants are entitled to summary judgment on Taylor's malicious prosecution claim, as well as his state law claims to the extent they are based on the alleged malicious prosecution.

### C. Section 1983 Due Process and Related Claims

As discussed above, there is no evidence raising a genuine issue of material fact that Taylor was subjected to criminal charges based on deliberately fabricated evidence.  The defendants therefore are entitled to summary judgment on Taylor's § 1983 due process claim and on his related state law claims to the extent they are based on the theory that the defendants deliberately fabricated evidence to pursue criminal charges against Taylor.

### D. Taylor's Other Claims

The portions of Taylor's remaining claims that are not time-barred are based on Boruchowitz allegedly (1) lying at trial about the video showing Taylor's patrol car slowing and (2) attempting to hide the video from the jury by claiming he could not get it to play.  The defendants are entitled to summary judgment on these claims because, for the same reasons as explained above, no genuine issue of fact exists regarding Boruchowitz's testimony at trial.  The video appears to show the car slowing and two experts agree the video shows the car slowing.

The fact that Taylor disagrees with Boruchowitz's interpretation of the video does not raise a genuine issue of material fact that Boruchowitz lied on the stand or that he deliberately fabricated evidence.  Moreover, Taylor's argument regarding Boruchowitz not getting the video to play at trial is meritless.  The video was played for the jury.[2] ECF Nos. 78-1 at 6; 78-4 at 3.  The defendants therefore are entitled to summary judgment on Taylor's remaining claims.

### III. CONCLUSION

IT IS THEREFORE ORDERED that the defendants' motion for leave to file excess pages **(ECF No. 75) is GRANTED**.

IT IS FURTHER ORDERED that the defendants' motion for summary judgment **(ECF No. 76) is GRANTED**.  The clerk of court is directed to enter judgment in favor of defendants Nye County, Anthony Demeo, David Boruchowitz, Mary Huggins, and Edwin Howard and against plaintiff Daryal Taylor.

IT IS FURTHER ORDERED that plaintiff Daryal Taylor's motion for summary judgment **(ECF No. 79) is DENIED**.

DATED this 3rd day of January, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[2] It is also unclear what harm Taylor may have suffered from Boruchowitz's purported misconduct at trial.  The jury acquitted Taylor despite Boruchowitz's alleged fabrications.