**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| DARYAL TAYLOR,<br><br>              Plaintiff,<br><br>      v.<br><br>ROBERT BECKETT, *et al.*,<br><br>              Defendants. | Case No. 2:13-cv-02199-APG-VCF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART THE DEFENDANTS' MOTION FOR ATTORNEY'S FEES AND JOINDER**<br><br>(ECF Nos. 103, 106) |

        Defendants Nye County, Anthony DeMeo, Mary Huggins, and Ed Howard move for attorney's fees against plaintiff Daryal Taylor under 42 U.S.C. § 1988 and against Taylor's attorneys under Nevada Revised Statutes § 18.010(2)(b) and § 7.085. These defendants argue that this case was frivolous from the outset and was maintained long after it became apparent that it was frivolous. Defendant David Boruchowitz joined in the motion. ECF No. 106. Taylor and his attorneys oppose, arguing the case was not frivolous, an award of fees would discourage civil rights litigants from bringing cases under 42 U.S.C. § 1983, and an award of fees against counsel would discourage attorneys from representing civil rights plaintiffs.

        While the lawsuit was not entirely frivolous from the outset, it became so after both experts opined that the video showed Taylor's vehicle slowing down. Thus, I will award some fees against Taylor for maintaining a frivolous lawsuit. However, I deny the defendants' motion for a fee award against Taylor's counsel because the statute the defendants rely upon does not apply in this context.

        **A. Fees Against Taylor under § 1988**

        Section 1988 provides that the court "may" award reasonable attorney's fees to the prevailing party in a § 1983 civil suit. A prevailing defendant may recover fees where "the plaintiff's claim was frivolous, unreasonable, or groundless if the plaintiff continued to litigate after it clearly became so." *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642, 1646 (2016)

(quotation omitted). "A defendant need not show that every claim in a complaint is frivolous to qualify for fees." *Fox v. Vice*, 563 U.S. 826, 835 (2011). However, the defendant may receive "only the portion of his fees that he would not have paid but for the frivolous claim." *Id.* at 836. The question thus is "whether the costs would have been incurred in the absence of the frivolous allegation." *Id.* at 838.

The defendants argue the complaint was overbroad from the inception, including several defendants who were not capable of being sued, defendants who were entitled to absolute immunity, and defendants who had no involvement in the criminal prosecution of Taylor. Taylor does not specifically respond to this point or explain why his claims against these defendants were not frivolous from the outset. However, the defendants do not demonstrate what legal fees were incurred in relation to these claims. Any such fees would be minimal considering that there was no significant motion practice related to them and the parties stipulated to their dismissal.

The defendants argue that the claims against the other defendants were frivolous because most of Taylor's claims were barred by the statute of limitations and Taylor and his counsel knew that the allegation Boruchowitz fabricated his testimony was false. The defendants assert this became apparent after both experts in the case opined that the video showed Taylor's patrol car slowing down in front of Irene's Casino, just as Boruchowitz had testified.

I do not find the lawsuit was entirely frivolous from the outset. As to the defendants' argument that most of the claims were untimely, that is an affirmative defense that must be raised and I did not wholly adopt the defendants' position on which claims were time-barred. *See* ECF No. 96. As to the merits, as I stated in my summary judgment order, the video "is subject to interpretation . . . ." *Id.* at 9. Viewed through the eyes of one who believes he has been wrongly accused, the Irene's Casino video may not be as clear as the defendants assert.

However, once both experts in the case (including Taylor's expert) opined that the video showed the patrol car slowing down, Taylor had no reasonable basis to continue to claim that Boruchowitz fabricated his testimony at the preliminary hearing or at trial. Additionally, the allegation that Boruchowitz attempted to hide the video from the jury was frivolous from the

outset. A review of the state court trial recording would have shown there was no factual basis for that claim. Taylor was at his own trial (as was one of his attorneys, Conrad Claus) and thus would have known before he ever filed this suit that this particular allegation was frivolous.

Consequently, I find a limited award of fees against Taylor under § 1988 is warranted. Because Taylor should have dismissed his claims once his own expert refuted the factual basis for them, I consider fees running from the date of the expert's report: December 1, 2015. ECF No. 76-42.

The customary method of determining a reasonable fee is the lodestar method. *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1064 (9th Cir. 2006). I calculate the lodestar "by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Id.* The lodestar is a presumptively reasonable fee award. *Id.*

I then assess whether it is necessary to adjust the lodestar figure upward or downward based on a variety of factors. *Id.* at 1065 (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)). I am also guided by the factors set forth in Local Rule 54-14, which requires a motion for attorney's fees to include:

> (1) A reasonable itemization and description of the work performed;
> (2) An itemization of all costs sought to be charged as part of the fee award and not otherwise taxable under LR 54-1 through 54-13;
> (3) A brief summary of:
>   (A) The results obtained and the amount involved;
>   (B) The time and labor required;
>   (C) The novelty and difficulty of the questions involved;
>   (D) The skill requisite to perform the legal service properly;
>   (E) The preclusion of other employment by the attorney due to acceptance of the case;
>   (F) The customary fee;
>   (G) Whether the fee is fixed or contingent;
>   (H) The time limitations imposed by the client or the circumstances;
>   (I) The experience, reputation, and ability of the attorney(s);
>   (J) The undesirability of the case, if any;
>   (K) The nature and length of the professional relationship with the client;
>   (L) Awards in similar cases; and
>   (M) Any other information the court may request.

Using the lodestar method in this case, an award of all fees and costs incurred after December 1, 2015 would result in an award of over $90,000 when considering both the moving defendants and Boruchowitz.[1]

"[A]lthough a finding of frivolity [is] a prerequisite to an award of attorney's fees," I "retain[] discretion to deny or reduce fee requests after considering all the nuances of a particular case." *Thomas v. City of Tacoma*, 410 F.3d 644, 651 (9th Cir. 2005). I am mindful that defendants should be spared the expense of defending frivolous claims. But a substantial fee award against a civil rights plaintiff may deter others from seeking to vindicate the violation of their constitutional rights and may undermine the "lofty goals of the Civil Rights Act." *Id.* (quotation omitted); *see also Harris v. Maricopa Cnty. Superior Court*, 631 F.3d 963, 971 (9th Cir. 2011) ("Even when unsuccessful, [civil rights] suits provide an important outlet for resolving grievances in an orderly manner and achieving non-violent resolutions of highly controversial, and often inflammatory, disputes."). I therefore will award defendants Nye County, DeMeo, Huggins, and Howard $3,000.00 and defendant Boruchowitz $3,000.00 in attorney's fees and costs. Those amounts balance the harm caused to the defendants in having to defend against frivolous claims with the deterrent effect that a larger award may have on other civil rights plaintiffs pursuing their claims.

**B. Fees Against Counsel Under § 18.010(2)(b) and § 7.085**

The defendants argue attorney's fees should be awarded against Taylor's counsel under Nevada state statutes that allow for fee awards where the opposing party filed or maintained groundless claims. However, Nevada law does not apply to a request for attorney's fees "based upon misconduct by an attorney or party in the litigation itself, rather than upon a matter of [state] substantive law . . . ." *In re Larry's Apartment, L.L.C.*, 249 F.3d 832, 838 (9th Cir. 2001); *see also Oliva v. Nat'l City Mortg. Co.*, 490 F. App'x 904, 906 (9th Cir. 2012) ("Defendants were not entitled to attorney's fees under Nev. Rev. Stat. §§ 7.085 and 18.010 because plaintiffs' alleged

---

[1] Taylor does not dispute the hours were reasonably incurred or that the attorneys charged a reasonable rate. Nor does he argue that the *Kerr* factors support reducing the requested fee.

misconduct was procedural in nature and, thus, is governed by federal law."). I therefore deny this portion of the defendants' motion.

**C. Conclusion**

IT IS ORDERED that defendants Nye County, Anthony DeMeo, Mary Huggins, and Ed Howard's motion for attorney's fees **(ECF No. 103)** and defendant David Boruchowitz's joinder **(ECF No. 106) are GRANTED IN PART**.

IT IS FURTHER ORDERED that the clerk of court shall enter judgment in favor of defendants Nye County, Anthony DeMeo, Mary Huggins, and Ed Howard and against plaintiff Daryal Taylor in the amount of $3,000.00 for attorney's fees and costs.

IT IS FURTHER ORDERED that the clerk of court shall enter judgment in favor of defendant David Boruchowitz and against plaintiff Daryal Taylor in the amount of $3,000.00 for attorney's fees and costs.

DATED this 4th day of August, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE